UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEREK ALEXANDER PAOLUCCI, )
)
Petitioner, )
)
v. ) No. 1:17-cv-00335-JMS-DKL
)
SUPERINTENDENT OF NEW CASTLE )
CORRECTIONAL FACILITY, )
)
Respondent. )

**Entry Granting Petition for Writ of Habeas Corpus**

The petition of Derek Paolucci for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCN-16-11-012. For the reasons explained in this Entry, Paolucci's habeas petition must be **granted**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On the evening of August 24, 2016, Paolucci, who suffers from fecal incontinence, unexpectedly defecated on himself. He removed his soiled clothing and placed it in a plastic bag, stood in front of his cell door, and showed his back side to Officer Glaser in an attempt to prove to Glaser that he needed a shower. Glaser directed him to turn around, looked down, and said, "All I see is that." Paolucci believed Glaser to be referring to his penis and felt harassed by Glaser's statement. He therefore filed a PREA report regarding the incident. Compliance Coordinator K. Wigal, who investigated the incident, interviewed both Paolucci and his cellmate. In his interview report with Paolucci, Wigal stated that "Paolucci said at the time Glaser made the comment he received it as being sexual in nature but after discussing the incident with IA he now considered it possible it was not a sexually harassing, demeaning comment." Paolucci's cellmate stated during his interview that he observed Glaser point downwards toward Paolucci and say "All I see is that." Wigal ultimately found Paolucci's allegation of harassment to be unfounded.

On November 16, 2016, Wigal issued a Report of Conduct charging Paolucci with threatening (false accusation) in violation of Code B-213. The Report of Conduct states:

> On 11/16/16 at approximately 0700, I Compliance Coordinator K Wigal was conducting a routine "Notification of Outcome of Allegation" following the conclusion into the investigation of the allegation of Sexual Harassment filed by Offender Paolucci, Derek #171384 against Officer Glaser. The investigation outcome was that the allegation was unfounded, meaning that the investigation determined that the event described in the allegation did not occur and thus, Offender Paolucci had filed a false report that resulted in an investigation being completed. Offender Paolucci was informed he would be receiving this conduct report.

Paolucci was notified of the charge on November 17, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer

noted that Paolucci requested statements from two "original" witnesses and noted that Paolucci would bring paperwork.

The Hearing Officer conducted a disciplinary hearing on November 29, 2016. The Hearing Officer noted Paolucci's statement, "I filed an informal complaint about this. The officer did make me feel harassed. I did not feel that it was untrue." Based on the evidence, the Hearing Officer determined that Paolucci had violated Code B-213. The sanctions imposed included a commissary and phone restriction, the deprivation of 90 days of earned credit time, and the demotion from credit class I to credit class II.

Paolucci's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Paolucci challenges the disciplinary action against him arguing that he was denied an impartial decision-maker, that he was denied witnesses and evidence, that his First Amendment rights were violated, and that there was not "some" evidence to sustain the disciplinary conviction. Because the Court agrees with Paolucci that there was not "some" evidence to support the conviction and this finding is dispositive, Paolucci's other arguments will not be addressed.

In support of his challenge to the sufficiency of the evidence, Paolucci argues "nowhere in the PREA Investigation Report is there any evidence or indication that I filed a false report intentionally. . . . In fact, in the report Mr. Wigal states 'Mr. Paolucci said at the time Glaser made the comment he received it as being sexual in nature but after discussing the incident with IA he now considered it possible that it was not a sexually harassing, demeaning comment.'" In

response to Paolucci's challenge to the sufficiency of the evidence, the respondent argues simply:

> Paolucci admitted during the preliminary PREA investigation that he may have misunderstood the officer's comment, that it may not have been sexually harassing, and that the officer did not make any other inappropriate comments toward him. A witness agreed that the officer's comment could have been referencing a bag of soiled clothes rather than Paolucci's penis and that he did not hear the officer make any other harassing or inappropriate comments that evening.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the only evidence regarding the charge against Paolucci is that he considered Glaser's comment to be sexual in nature, but admitted in an interview regarding the charge that he may have misunderstood it. There is no evidence that, at the time Paolucci filed the PREA report, he believed his claims to be untrue or that the incident he alleged in his report did not take place. Paolucci was charged with B-213 Threatening (filing a false report). While the parties do not provide a definition of this offense,[1] according to the Indiana Department of Correction website, this offense is defined as "Communicating a plan to *intentionally* make an accusation that he/she knows is untrue or false."[2] The evidence that Paolucci stated during an interview that he "may have misunderstood" the comment does not support a conclusion that when he made the

---

[1] In the future, when the petitioner challenges the sufficiency of the evidence, the Respondent should provide the Court with a definition of the offense at issue.

[2] Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (June 2015) http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited June 16, 2017).

report he intentionally made false statements. There is thus no evidence to support a conclusion that he violated B-213, which requires intent to make an accusation that the inmate knows is false. Paolucci is therefore entitled to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was insufficient evidence of Paolucci's guilt, the disciplinary finding of guilty was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED**. Accordingly, Paolucci's petition for a writ of habeas corpus is **GRANTED**.

Judgement consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/20/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

DEREK ALEXANDER PAOLUCCI
171384
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362